**UNITED STATES of America, Appellee**

v.

**Newett Vincent FORD, Appellant.**

**No. 06–3150.**

United States Court of Appeals, District of Columbia Circuit.

March 22, 2010.

Roy Wallace McLeese, III, Assistant U.S. Attorney, U.S. Attorney'S Office, Washington, DC, for Appellee.

Steven R. Kiersh, Law Office of Steven R. Kiersh, Washington, DC, for Appellant.

Before: GARLAND and KAVANAUGH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Appellant Newett Ford appeals his conviction on one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and on two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Ford principally challenges the sufficiency of the evidence supporting his conspiracy conviction. We conclude that the government presented ample evidence at trial upon which a " 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *United States v. Arrington*, 309 F.3d 40, 48 (D.C.Cir.2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Appellant's subsidiary arguments also fail. The court did not act improperly in declining to conduct a pre-trial hearing regarding the conspiracy evidence, and instead permitting it to come in "subject to connection." *United States v. Gewin*, 471 F.3d 197, 200–01 (D.C.Cir.2006); *see United States v. Jackson*, 627 F.2d 1198, 1218–19 (D.C.Cir.1980). And because there was ample evidence that the appellant was a member of the conspiracy, the claim that he was prejudiced by "other crimes" evidence is wrong in its factual premise: the evidence to which he objects was not about "other" crimes, but rather about crimes committed as part of the conspiracy for which he was responsible.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(a)(1).